UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04283-R-FFM | Date | 08-01-19 |
|---|---|---|---|
| Title | *Yolanda Thomas; et al. v. CVS Health Corp.; et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 8)**

## I. INTRODUCTION

On November 26, 2018, Plaintiff Yolanda Thomas ("Thomas") filed a Complaint in the Superior Court of California for the County of Los Angeles alleging discrimination by Defendants CVS Health Corporation, Garfield Beach CVS, LLC, and CVS Pharmacy, Inc. Thomas filed a second action, this time under the California Private Attorneys General Act ("PAGA"), against the same Defendants on November 27, 2018. Defendants were served with both Thomas Complaints on December 12, 2018. Plaintiff Heather Cano ("Cano") filed her own action under PAGA against Defendants Garfield Beach CVS, LLC, CVS Pharmacy, Inc., and CVS RX Services, Inc. on January 25, 2019. The cases were consolidated on April 16, 2019 by order of the Superior Court, and Plaintiffs filed a Consolidated Complaint alleging violations of California Labor Code section 1198 and Section 14 of the Industrial Welfare Commission Wage Orders under PAGA against all of the above-named Defendants (collectively, "Defendants") on May 15, 2019. Thomas also individually alleges causes of action for disability discrimination, failure to take steps to prevent discrimination, failure to provide reasonable accommodation, and failure to engage in the interactive process. Defendants then removed the consolidated case to this Court on the basis of diversity jurisdiction on May 16, 2019.

Presently before the Court is Plaintiffs Thomas and Cano's (collectively, "Plaintiffs") Motion to Remand. The parties dispute whether the case became removable, and whether the 30-day clock for removal, began only after consolidation of the cases or at an earlier date. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. JUDICIAL STANDARD

A defendant may remove a civil action from state court if the action could have originally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04283-R-FFM | Date | 08-01-19 |
|---|---|---|---|
| Title | ***Yolanda Thomas; et al. v. CVS Health Corp.; et al.*** | | |

been filed in federal court. 28 U.S.C. § 1441(a). There is a strong presumption against removal, and doubts are to be determined in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists . . . ." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules of Civil Procedure do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1331. Diversity is determined by the state of the facts at the time that the action was filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

28 U.S.C. § 1446(b)(1) provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." In cases where the case stated by the initial pleading is not removable, § 1446(b)(3) states that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In order for the 30-day clock to begin running, the facts supporting removal must be "unequivocally clear and certain" from the face of the complaint. *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005).

Remand is "mandatory under section 1447(c) once the district court determine[s] that [the] petition for removal was untimely." *Schmitt v. Ins. Co. of North America*, 845 F.2d 1546, 1551 (9th Cir. 1988) (citations omitted).

UNITED STATES DISTRICT COURT   JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04283-R-FFM | Date | 08-01-19 |
| Title | *Yolanda Thomas; et al. v. CVS Health Corp.; et al.* | | |

### III. **DISCUSSION**

A. The Thomas Individual Action was Removable on December 12, 2018

Plaintiffs contend that Defendants' deadline to remove the case to federal court began to run no later than December 12, 2018, when Defendants were served with the two Thomas Complaints. Defendants, on the other hand, contend that the consolidation order issued by the Superior Court commenced this action and, therefore, began the 30-day deadline for removal of the case.

Plaintiffs rely on § 1446(b)(3) and argue that Defendants received notice of Thomas' California residency in both Thomas Complaints and of the amount in controversy through Thomas' "Employee Profile," which indicated her hourly rate of pay and leave of absences, attached to the Complaint in the Thomas PAGA action. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). As Defendants explain in their notice of removal, allegations of residency in California "give[] rise to a presumption that Plaintiff is a California citizen." *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016). Defendants did not rely on any information not contained in the Thomas Complaints to establish Thomas' California citizenship.

Regarding the amount in controversy requirement, Plaintiffs argue that the Thomas PAGA Complaint, including the attached Employee Profile, was an "other paper" giving notice to Defendants that the Thomas individual action was removable as of December 12, 2018. "While Section 1446(b) does not define 'other paper,' courts in the Ninth Circuit have followed the 'paper in the case' rule in order to determine when the thirty-day provision begins to run." *Walker v. Motricity Inc.*, 627 F. Supp. 2d 1137, 1142 (N.D. Cal. 2009). Thus, Defendants argue that, even if the 30-day clock could have started running prior to consolidation, the Employee Profile could not have triggered the 30-day clock in the Thomas individual action since it was filed in a different case. However, several courts, including within the Ninth Circuit, have applied an exception to this general rule. "The type of document that constitutes an 'other paper' for the purposes of the statute is broad, reflecting courts' 'embracive construction' of the term." *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) (quoting 14C Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3732 n. 26). For example, "[i]n limited instances, judicial orders filed in cases involving at least one identical party could qualify as 'orders' within the ambit of § 1446(b)." *Id.* (citing *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir. 2001); *Doe v. American Red Cross*, 14 F.3d 196, 198 (3d Cir. 1993)). "A document filed in a collateral proceeding between identical parties that was '*so clearly incidental and ancillary to the original action*' has also been a sufficient 'other paper' for the purposes of removal. *Id.* (emphasis added) (citing *Hamilton v. Hayes Freight Lines*, 102 F. Supp. 594, 596 (E.D. Ky. 1952)). On the other hand, "the phrase 'other paper' utilized in Section 1446(b) cannot refer to pleadings filed in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04283-R-FFM | Date | 08-01-19 |
|---|---|---|---|
| Title | ***Yolanda Thomas; et al. v. CVS Health Corp.; et al.*** | | |

separate, distinct case, in which the parties are not the same." *Id.* (citing *Growth Realty Companies v. Burnac Mortgage Investors*, 474 F. Supp. 991, 996 (D. P.R. 1979)).

Here, the Thomas PAGA Complaint is an "other paper" from an action between the same parties as the Thomas individual action (and the same Defendants as in the consolidated action, with the exception of one additional CVS Defendant added by Cano). Moreover, the cases involve essentially the same facts, and the same attorneys have represented Defendants in each of the Thomas actions, the Cano action, and the current consolidated action.

This case is factually similar to *Banta v. American Medical Response Inc.*, where the Court determined that although the initial pleading was indefinite as to the amount in controversy, the defendant was in possession of the facts indicating that the amount in controversy exceeded the jurisdictional threshold. 2011 WL 2837642, at *6 (C.D. Cal. July 15, 2011). In this case, Defendants received sufficient information in the Thomas PAGA action to establish an amount in controversy above the jurisdictional minimum and, additionally, had that information in their own possession as Plaintiffs' employer. Defendants did not rely on any additional information in the Cano Complaint or the Consolidated Complaint to establish the amount in controversy. Rather, Defendants admit that the $75,000 threshold is exceeded based on Thomas' disability-related claims alone. Accordingly, the exception to the general rule that the 30-day clock is triggered only by an "other paper" in the same case should be applied here. Defendants had notice on December 12, 2018 that the Thomas individual action was removable under § 1446(b)(3), and they failed to remove the case within 30 days of that notice.

B. Consolidation of the Cases Did Not Begin a New 30-Day Removal Period

Ninth Circuit precedent holds that "state court consolidation will affect the district court's analysis of removal jurisdiction where the state court's consolidation order destroys the identity of each suit and merges them into one." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015) (citations omitted). "In California, there are 'two types of consolidation: a consolidation for purposes of trial only, where the two actions remain otherwise separate; and a complete consolidation or consolidation for all purposes, where the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment.'" *City of Oakland v. Abend*, 2007 WL 2023506 (N.D. Cal. July 12, 2007), at *4 (quoting *Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127, 1147 (2000)). Here, the state court's April 16, 2019 order consolidated the Thomas and Cano actions ostensibly "for all purposes," with one of the Thomas actions serving as the "lead case." However, at the same time, the court's consolidation order explicitly "reserve[d] the right to split off individual claims by Ms. Thomas" at a later date. This was presumably noted in the order because Thomas has a right to a jury trial on her individual claims, which is not true of the PAGA claims brought by Thomas or Cano. *O'Connor v. Uber Techs., Inc.*, 2015 WL 8587589, at *3 (N.D. Cal. Dec. 10, 2015)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04283-R-FFM | Date | 08-01-19 |
|---|---|---|---|
| Title | *Yolanda Thomas; et al. v. CVS Health Corp.; et al.* | | |

("the PAGA claim does not appear to be a damages claim with any right to a jury"). In fact, counsel for all parties agreed on June 13, 2019 that Plaintiffs' PAGA claims would not be tried before a jury, while Thomas still requests a jury trial for her individual disability-related claims.

Although the consolidation order notes that it is "for all purposes," as opposed to for trial only, the state court does not appear to have necessarily expected a complete consolidation for the duration of the case. Nor do the parties anticipate complete consolidation going forward, given that they have agreed not to have all the claims tried by a jury. Thus, this is not a case like that envisioned in *Bridewell-Sledge* where the entire consolidated action will result in one verdict and one judgment. Accordingly, this case should have been removed within the 30-day deadline triggered on December 12, 2018. Defendants' removal was, therefore, untimely.

**IV.    CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. (DE 8).

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cch | |